CLD-072                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3098
_____

DARREN R. JONES,
Appellant

v.

JOHN BOYLE; WILLIAM RUETE; ROBERT GASPARAVIC,
757 Page Ave. (E.T.D. Headquarters) Lyndhust, NJ 07071
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-08-cv-03062)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2011

Before:  RENDELL, HARDIMAN AND ROTH, Circuit Judges

(Opinion filed: January 30, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

 Darren R. Jones appeals from the District Court's entry of summary judgment in

favor of the defendants.  We will affirm.

I.

From 1997 through 2007, Jones was employed as a delivery driver by Englewood

Tire Distributors, Inc. ("ETD"), which was restructured during his employment as

Englewood Tire Wholesale, Inc. ("ETW"). He voluntarily resigned in 2007 and later

filed suit pro se against ETW's owner and two of its supervisory employees under Title

VII of the Civil Rights Act of 1964. Jones alleges that defendants are Caucasian and paid

him less than two co-workers (including another non-Caucasian) solely because he is

African-American. Discovery revealed that, while ETW paid Jones the same as or more

than those two co-workers for most of his first six years of employment, it paid him

between fifty cents and one dollar and fifty cents less an hour thereafter. The parties do

not dispute that point.

Defendants filed an initial motion for summary judgment, but the District Court

later permitted Jones to amend his complaint to add ETD and ETW as defendants.

Defendants then filed another motion for summary judgment, and Jones filed a motion

for summary judgment as well. The District Court granted defendants' motion and

denied Jones's motion by order entered June 30, 2011. Jones appeals.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Noel v.
Boeing Co., 622 F.3d 266, 270 n.4 (3d Cir. 2010). "Summary judgment is granted only if
there remains no genuine issue as to any material fact and the moving party is entitled to
judgment as a matter of law." Id. "In order to demonstrate the existence of a genuine
issue of material fact, the nonmovant must supply sufficient evidence (not mere
allegations) for a reasonable jury to find for the nonmovant." Olson v. Gen. Elec.

II.

Jones's claim is governed by the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under that framework, Jones bore the initial burden of making out a prima facie case by raising an inference of discrimination. See Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citation omitted). The burden then shifted to ETW "to articulate a legitimate, non-discriminatory reason for the adverse employment action." Id. If it did so, then "the inference of discrimination drops and the burden shifts back to the plaintiff to show that the defendant's proffered reason is merely pretext for intentional discrimination." Id.

In this case, the District Court assumed that the pay differential referenced above made out a prima facie case of discrimination. It concluded, however, that ETW satisfied its burden of articulating a legitimate reason for the differential—i.e., that it was based on Jones's performance, not his race. In that regard, it noted that ETW had documented twenty-eight work-related problems over the years, only four of which Jones denied. The District Court also concluded that Jones had presented no evidence that ETW's explanation was pretextual. The District Court noted the absence from the record of any disparaging or offensive remarks about Jones or African-Americans or any other

---

Astrospace, 101 F.3d 947, 951 (3d Cir. 1996). The District Court granted summary judgment to the individual defendants because there is no individual employee liability under Title VII. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Because

evidence of discriminatory animus, and also noted that ETW had promoted another African-American employee to Assistant Supervisor during Jones's tenure. We have carefully reviewed the record, and we agree with the District Court on all counts. Jones did not present any evidence from which a reasonable jury could conclude that ETW's explanation for the pay differential was pretextual and that the differential was attributable instead to intentional discrimination.

Jones raises several arguments on appeal, but they lack merit. First, he argues that ETW's reliance on his performance issues is pretextual because it could have fired him on that basis but did not. The mere fact that ETW did not fire Jones, however, does not call into question its stated reasons for taking the less drastic step of limiting his pay. Second, Jones argues that he was not required to show intent and appears to suggest that the pay differential was discriminatory per se. That is not the law. See Makky, 541 F.3d at 214. Third, Jones argues that his performance issues were not a valid basis to pay him less because those issues arose infrequently when viewed over the ten-year term of his employment. The question is not whether Jones's performance warranted the pay differential in the abstract, however, but whether ETW's stated reason was a pretext for discrimination. Jones submitted no evidence from which a reasonable jury could conclude that it was. Finally, Jones accuses ETW in conclusory fashion of committing

---

there is no room for dispute on that point, and because ETD was later restructured as TW, he remaining discussion will refer to ETW as the sole defendant.

perjury and withholding and manufacturing evidence. Jones has not made any specific claim in this regard, let alone shown that there might be a basis for one.

For these reasons, we will affirm the judgment of the District Court.